IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAMON ZEIGLER,

   Plaintiff

VS.          NO. 5:06-CV-160 (WDO)

DIANE BRANNEN,

   Defendant    **ORDER**

Plaintiff **DAMON ZEIGLER**, an inmate at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

*I. STANDARD OF REVIEW*

 *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. DISCUSSION

The history of this case is detailed in this Court's order dated August 28, 2006. Plaintiff, who is black, appears to suggest that his race may have played a factor in the procedural handling of his criminal appeal by defendant Dianne Brannen, Clerk of the Superior Court of Bibb County, who is white. Plaintiff makes only general conclusory allegations against Brannen and fails to offer any evidence that he was treated improperly by her on account of his race. Plaintiff offers nothing more than his assertion that his treatment must be discriminatory. The Court finds that plaintiff's allegations of discrimination are at best speculative and certainly not cognizable under section 1983.

Similarly, regarding plaintiff's assertion that Brannen's "outrageous behavior" caused him to suffer severe emotional distress in violation of Georgia law, his claims for damages for said emotional injury are barred under 42 U.S.C. § 1997e(e). Section 1997e(e) precludes the recovery of damages for mental or emotional injury where there is no connected physical injury. *Mitchell v. Brown & Williamson*, 294 F.3d 1309, 1312-13 (11 Cir. 2002). Plaintiff has not alleged that he suffered any physical injury; therefore, his emotional injury claims against Brannen are not cognizable under section 1997e(e).

## III. CONCLUSION

In light of the foregoing, the instant action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

2

SO ORDERED, this 14th day of September, 2006.

*/s/ Wilbur D. Owens, Jr.*
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE

cr